# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**CALVIN ANDRUS**
5746 Glow Court
Cincinnati, OH 45238

Plaintiff,

    vs.

**KRAIG KUNZ**
Sergeant, Cincinnati Police Department
Serve: City of Cincinnati
801 Plum Street, Suite 202
Cincinnati, Ohio 45202

and

**CITY OF CINCINNATI**
801 Plum Street, Suite 202
Cincinnati, Ohio 45202

Defendants

Case No. 1:24-cv-00572

Judge:

**COMPLAINT AND JURY DEMAND**

1

For his Complaint against Defendants Kraig Kunz and the City of Cincinnati, Plaintiff Calvin Andrus states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Calvin Andrus is an individual who resides in Hamilton County, Ohio and is a citizen of Ohio.

2. Defendant Kraig Kunz was at all relevant times employed by the Cincinnati Police Department as a Sergeant.

3. Defendant City of Cincinnati is a city incorporated under the laws of the state of Ohio, which operates and employs all members of the Cincinnati Police Department.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action presents federal questions arising under the United States Constitution and 42 U.S.C. § 1983, *et seq.* This Court also has jurisdiction over this matter under 28 U.S.C. § 1343(a)(4) because this action seeks to recover damages under an Act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because the state law claims are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events from which this action arose occurred in this district.

## **STATEMENT OF FACTS**

7. Plaintiff Calvin Andrus is a freelance photojournalist who regularly documents through video recordings many newsworthy events in and around Cincinnati, Ohio, including police involvement in such events.

8. Mr. Andrus has done this work for nearly 30 years and regularly monitors police and fire communication and responds in real time to the scenes of traffic accidents, fires, shootings, and other newsworthy events that occur during the night.

9. Because of his role, Mr. Andrus keeps with him a card listing applicable laws that permit his role and allow him to record crime and emergency scenes that he often provides to officers who might question his right to record.

10. Upon information and belief, the City of Cincinnati has not properly trained or supervised its law enforcement officers in accordance with its own policies regarding video recording of police activity, as outlined in Cincinnati Police Department Policy 14.215.

11. On November 19, 2023, Mr. Andrus arrived on the scene of a recent severe automobile accident on Spring Grove Ave. and began documenting the aftermath of the accident and the police response with his video camera.

12. Cincinnati Police had set up a perimeter surrounding the accident with yellow "police line" tape to restrict access to the site of the crash.

13. Mr. Andrus was video recording with his phone and his personal body worn camera from outside the designated perimeter set off by the police line tape.

14. Sergeant Kraig Kunz approached Mr. Andrus while he was recording and ordered him to leave the scene.

15. Mr. Andrus was outside the police line tape and advised Sergeant Kunz of this information.

16. Sergeant Kunz threatened Mr. Andrus with arrest if he refused to comply with the order to leave the scene.

17. Mr. Andrus repeatedly offered Sergeant Kunz the card he carries listing the applicable media protection laws, but Sergeant Kunz refused to acknowledge or read the card. Additionally, Mr. Andrus verbally informed Sergeant Kunz of his rights as a media representative to remain in place and continue to record.

18. Sergeant Kunz then arrested Mr. Andrus, put him in handcuffs, and placed him in the back seat of a police cruiser.

19. While detained in the police cruiser, Mr. Andrus observed other individuals entering the scene that was blocked off by police line tape.

20. Upon information and belief, these individuals were not engaged in the protected 1st Amendment activity of recording police and were not arrested for any offenses.

21. After more than 30 minutes sitting handcuffed in the cruiser, Mr. Andrus suffered what was later diagnosed as a panic attack that caused severe chest pain, which required him to be transported to the hospital for treatment.

22. Sergeant Kunz charged Mr. Andrus with Obstructing Official Business under Ohio Revised Code § 2921.31, a second-degree misdemeanor.

23. Obstructing Official Business requires proof of an affirmative act done by the defendant, acting without privilege, done with the purpose to prevent, obstruct, or delay a public official, that actually hampers or impedes that public official in the performance of a lawful duty.

24. The Obstructing Official Business charge against Mr. Andrus in Hamilton County Municipal Court case 23-CRB-20346 was ultimately dismissed at the request of the City of Cincinnati in the interests of justice on June 25, 2024, after Mr. Andrus's criminal defense attorney filed a Motion to Dismiss on June 21, 2024.

## COUNT I
### False Arrest

25. Mr. Andrus repeats the allegations in paragraphs 1 through 24 of this Complaint as if fully restated herein.

26. A false arrest cause of action arises when a plaintiff alleges unlawful, intentional detention of their person by another party. *See Rogers v. Barbera,* 170 Ohio St. 241 (Ohio 1960).

27. Under Ohio law, Fourth Amendment standards determine the lawfulness of detentions in false arrest actions brought against law enforcement officers.

28. Under Ohio Revised Code § 2917.13(B), news media representatives cannot be denied information or limited access to the scene of an emergency when lawfully exercising their duties as a news media representative.

29. Mr. Andrus was lawfully exercising these rights as a member of the media when he stood outside of the police line tape and filmed the emergency response. Mr. Andrus's insistence on remaining in place to continue recording cannot constitute an affirmative act done with the

purpose of obstructing a public official to form the basis of probable cause for an arrest for Obstruction of Official Business.

30. Mr. Andrus's arrest for Obstruction of Official Business was not based on probable cause and was an unlawful detention under Fourth Amendment and state law standards. None of Mr. Andrus's actions could be interpreted by a reasonable officer to have hampered or impeded police on the scene in the exercise of their duties.

31. Sergeant Kraig Kunz is not entitled to statutory tort immunity under Ohio Revised Code § 2744 because his actions rose above mere negligence and instead were conducted with a malicious purpose, in bad faith, or in a wanton or reckless manner.

32. As a result of the illegal false arrest by Defendant Kunz, Mr. Andrus has incurred damages including emotional distress, medical expenses, pain and suffering, and other damages, the precise amount to be proved at trial.

33. The actions of Defendant Kunz demonstrate malice, through a conscious disregard for the rights of Mr. Andrus, and as a result, Mr. Andrus is entitled to punitive damages under R.C. 2315.21(C)(1).

## COUNT II
### Fourth Amendment Unreasonable Seizure – 42 U.S.C. § 1983

34. Mr. Andrus repeats the allegations in paragraphs 1 through 33 of this Complaint as if fully restated herein.

35. Defendant Kunz, while acting under color of state law, violated Mr. Andrus's constitutional rights by unreasonably seizing Mr. Andrus when he was arrested without probable cause.

36. Defendant Kunz's actions were not taken in good faith and were in violation of clearly established law that citizens cannot be subjected to arrest absent probable cause.

37. As a result of the unconstitutional seizure of Mr. Andrus by Defendant Kunz, Mr. Andrus has incurred damages including emotional distress, medical expenses, pain and suffering, and other damages, the precise amount to be proved at trial.

38. The actions of Defendant Kunz were malicious, intentional, reckless, or callously indifferent to Mr. Andrus's constitutional rights and, as a result, Mr. Andrus is entitled to punitive damages.

## COUNT III
### First Amendment Retaliation – 42 U.S.C. § 1983

39. Mr. Andrus repeats the allegations in paragraphs 1 through 38 of this Complaint as if fully restated herein.

40. A retaliatory arrest is one undertaken in retaliation for a person's exercise of their civil rights.

41. The right to publicly record police is robustly protected by the First Amendment to the United States Constitution, incorporated against the states through the Due Process Clause of the Fourteenth Amendment.

42. Mr. Andrus was engaged in protected First Amendment conduct and Sergeant Kunz arrest of Mr. Andrus without probable cause was substantially motivated by the exercise of that protected conduct. The unconstitutional arrest did prevent Mr. Andrus and would deter an ordinary person from continuing to engage in the protected conduct.

43. Mr. Andrus would not have been arrested had he not been engaged in protected First Amendment activity at the scene, and a similarly situated individual would not have been arrested but for the exercise of their constitutional rights.

44. The constitutional deprivations by Sergeant Kunz were caused by a policy or custom of the City of Cincinnati that exhibits deliberate indifference to the protection of citizens' First Amendment rights in encounters with Cincinnati Police Department officers.

45. As a result of the unconstitutional retaliatory arrest by Defendants, Mr. Andrus has incurred damages including emotional distress and reputational harm, the precise amount to be proved at trial.

46. The actions of Defendants Kunz and The City of Cincinnati were malicious, intentional, reckless, or callously indifferent to Mr. Andrus's constitutional rights and, as a result, Mr. Andrus is entitled to punitive damages.

## COUNT IV
**Malicious Prosecution**

47. Mr. Andrus repeats the allegations in paragraphs 1 through 46 of this Complaint as if fully restated herein.

48. A malicious prosecution state law claim arises when the plaintiff alleges malice in instituting or continuing the prosecution, a lack of probable cause in undertaking the prosecution, and that the prosecution was terminated in favor of the accused. *See Ash v. Ash* (1995), 72 Ohio St.3d 520.

49. The prosecution of Mr. Andrus was conducted for an improper, malicious purpose, to prevent him from exercising his protected 1st Amendment right to record the police.

50. The prosecution of Mr. Andrus was undertaken without probable cause.

51. The dismissal of the Obstruction of Official Business charge against Mr. Andrus was a termination in his favor.

52. Defendant Kunz is liable for malicious prosecution because he wrongfully initiated charges against Mr. Andrus without probable cause with malicious intent. Defendant Kunz actively made, influenced, or participated in the decision to prosecute.

53. Defendant Kunz is not entitled to statutory tort immunity under Ohio Revised Code § 2744 because his actions rose above mere negligence and instead were conducted with a malicious purpose, in bad faith, or in a wanton or reckless manner.

54. As a result of the malicious prosecution by Defendant Kunz, Mr. Andrus has incurred damages including emotional distress, medical expenses, pain and suffering, and other damages, the precise amount to be proved at trial.

55. The actions of Defendant Kunz demonstrate malice, through a conscious disregard for the rights of Mr. Andrus, and as a result, Mr. Andrus is entitled to punitive damages under R.C. 2315.21(C)(1).

### COUNT V
### Malicious Prosecution – 42 U.S.C. § 1983

56. Mr. Andrus repeats the allegations in paragraphs 1 through 55 of this Complaint as if fully restated herein.

57. A cause of action for malicious prosecution under the Fourth Amendment arises when the plaintiff alleges a criminal prosecution was initiated against him, that there was a lack of probable cause for the prosecution, that he suffered a deprivation of a right secured by the

9

Constitution and the laws of the United States by a party acting under color of law, and that the proceeding was resolved in his favor. *See Sykes v. Anderson,* 625 F.3d 294 (6th Cir. 2010).

58. Sergeant Kraig Kunz initiated a prosecution against Mr. Andrus for Obstruction of Official Business when he filed the criminal complaint in Hamilton County Municipal Court case 23-CRB-20346.

59. Defendant Kunz was acting under color of state law when he caused Mr. Andrus to suffer a deprivation of his 4th Amendment right to be free from malicious prosecution without probable cause.

60. Defendant Kunz's actions were not taken in good faith and were in violation of clearly established law that citizens cannot be subjected to prosecution absent probable cause.

61. As a result of the malicious prosecution of Mr. Andrus by Defendant Kunz, Mr. Andrus has incurred damages including emotional distress, medical expenses, pain and suffering, and other damages, the precise amount to be proved at trial.

62. The actions of Defendant Kunz were malicious, intentional, reckless, or callously indifferent to Mr. Andrus's constitutional rights and, as a result, Mr. Andrus is entitled to punitive damages.

## COUNT VI
### Abuse of Process

63. Mr. Andrus repeats the allegations in paragraphs 1 through 62 of this Complaint as if fully restated herein.

64. A cause of action for abuse of process under Ohio common law arises when a legal proceeding has been set in motion in proper form and with probable cause, the proceeding was

perverted to attempt to accomplish a malicious, ulterior purpose for which it was not designed, and direct damage results from the wrongful use of process. *See Kurinsky v. Natl. Cable Television Assn*, 98 Ohio App. 3d 716 (Ohio Ct. App. 1994).

65. Plaintiff pleads in the alternative that if the Court finds that probable cause existed at the outset of the prosecution, then the proceeding was later perverted to accomplish the malicious purpose of deterring Mr. Andrus from engaging in his protected 1st Amendment right to record the police.

66. As a result of the abuse of process by Defendant Kunz, Mr. Andrus has incurred damages including emotional distress, medical expenses, pain and suffering, and other damages, the precise amount to be proved at trial.

67. Defendant Kunz is not entitled to statutory tort immunity under Ohio Revised Code § 2744 because his actions rose above mere negligence and instead were conducted with a malicious purpose, in bad faith, or in a wanton or reckless manner.

68. The actions of Defendant Kunz demonstrate malice, through a conscious disregard for the rights of Mr. Andrus, and as a result, Mr. Andrus is entitled to punitive damages under R.C. 2315.21(C)(1).

## COUNT VII
### Injunctive Relief

69. Mr. Andrus repeats the allegations in paragraphs 1 through 68 of this Complaint as if fully restated herein.

70. The actions of the Defendants described herein have caused and will continue to cause irreparable harm to Mr. Andrus, to media representatives, and to the general public by

11

depriving them of their First Amendment, Fourth Amendment, and other rights guaranteed and protected by the Constitution and laws of the United States, unless such actions are enjoined by an order from this Court.

**WHEREFORE,** Calvin Andrus demands judgment as follows:

1. On Count I, an award of damages against Defendant Kunz for emotional distress, medical expenses, pain and suffering, and other damages, the precise amount to be proved at trial.

2. On Count II, an award of damages against Defendant Kunz for emotional distress, medical expenses, pain and suffering, and other damages, the precise amount to be proved at trial.

3. On Count III, an award of damages against Defendant Kunz and the City of Cincinnati for emotional distress and reputational harm, the precise amount to be proved at trial.

4. On Count IV, an award of damages against Defendant Kunz for emotional distress, medical expenses, pain and suffering, and other damages, the precise amount to be proved at trial.

5. On Count V, an award of damages against Defendant Kunz for emotional distress, medical expenses, pain and suffering, and other damages, the precise amount to be proved at trial.

6. On Count VI, an award of damages against Defendant Kunz for emotional distress, medical expenses, pain and suffering, and other damages, the precise amount to be proved at trial.

7. On Count VII, an order enjoining the Defendants from unlawfully restricting the access of media representatives and the general public to observe or record newsworthy events, and from wrongfully arresting and charging persons lawfully exercising their rights.

8. On Counts I through VI, an award of punitive damages to be proved at trial.

8. As to all counts, an award for Plaintiff's costs, attorneys' fees, prejudgment interest, and all other relief to which he may be entitled.

## JURY DEMAND

Plaintiff, by and through counsel, demands a trial by jury of all issues within this action.

Respectfully submitted,

/s/ Robert A. Klingler
Robert A. Klingler (0031603)
ROBERT A. KLINGLER CO., L.P.A.
Centennial III
895 Central Ave, Suite 300
Cincinnati, Ohio 45202
Telephone: (513) 665-9500
Facsimile: (513) 621-3240
Email: rak@klinglerlaw.com
Trial Attorney for Plaintiff Calvin Andrus