UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CALVIN ANDRUS, | : | Case No. 1:24-cv-572 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| -vs- | : | |
| | : | THE CITY OF CINCINNATI'S |
| KRAIG KUNZ, et al., | : | MOTION TO DISMISS |
| | : | |
| Defendants. | : | |

Upon the attached memorandum and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Kraig Kunz (individually "Sgt. Kunz") and the City of Cincinnati (hereinafter collectively the "City") move to dismiss Plaintiff Calvin Andrus' ("Andrus") Complaint for failure to state a claim upon which relief can be granted. As such, the Court should dismiss Andrus' claims against the City as a matter of law.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
City Solicitor

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)
Senior Assistant City Solicitor
801 Plum Street, Room 214
Cincinnati, Ohio 45202
(513) 352-4705
Fax: (513) 352-1515
Katherine.baron@cincinnati-oh.gov
*Trial Counsel for Defendants*

*/s/ Kimberly A. Rutowski*
Kimberly A. Rutowski (0076653)

Lazarus Law
525 Vine Street, Suite 2210
Cincinnati, Ohio 45202
(513) 721-7300
Fax: (513) 721-7008
krutowski@hllmlaw.com
*Counsel for Defendant Kunz in his individual capacity*

## **MEMORANDUM IN SUPPORT**

### **I.   Introduction**

This Complaint centers on Andrus' mistaken belief that he was properly exercising his First Amendment right to film the police when he was arrested for obstructing official business. However, Andrus' arguments ignore that his First Amendment rights are subject to reasonable time, place, and manner restrictions, that the Sixth Circuit has not recognized a First Amendment right to film the police in public, and Sgt. Kunz had probable cause to arrest. Therefore, as will be explained, this Court should dismiss Andrus' Complaint in its entirety.

### **II.   Statement of Facts[1]**

On the evening of November 19, 2023, police were working at the scene of a fatal, single-car accident. (Compl., Doc. 1, ¶ 11). Andrus, a freelance photojournalist arrived on the scene and began recording police activity on his phone and BWC. (*Id.*, ¶¶ 7, 13; NOR_CEA0002_CEA002_20231119022142_0039(0041259xC2130

---

[1] The underlying events were captured by both Andrus' personal body worn camera ("BWC") as well Cincinnati Police officers' BWC, and their mobile-video recorders or dashcams ("MVR"). These videos can and should be considered under Sixth Circuit case law as courts may consider video footage over the pleadings when "the videos are clear and blatantly contradict or utterly discredit the plaintiff's version of events." *Saalim v. Walmart, Inc.*, 97 F.4th 995 (6th Cir. 2024) (quoting *Scott v. Harris*, 550 U.S. 372, 380, (2007) (other internal citations omitted)).

{00413566-1}                                                    2

(hereinafter "Andrus' BWC"); MVR-CPD23111900127-24421-2023-11-19 0152 (hereinafter "Kunz' MVR") at 26:45-26:55).

At first when Andrus arrived, he was standing on the sidewalk. (Kunz' MVR MVR at 26:50-29:00). However, after a few minutes, he moved from the sidewalk and entered the roadway. (*Id.* at 29:00-29:30). Notably, just prior to Andrus' arrival, Officer Victoria Williams had put up crime scene tape where Andrus was standing, and a vehicle had disobeyed her order to "turn around" and instead drove directly through the crime scene tape. (*Id.* at 1:52-2:

When Andrus stood in the roadway, officers approached Andrus and Sgt. Kunz asked Andrus "what are you doing?" and told Andrus "ya gotta go." (Andrus BWC at 2:00-2:05). Andrus responded "Nope." (*Id.*). At that point Sgt. Kunz was forced to come through the crime scene to explain to Andrus that "this is a crime scene, you're, you're in the street, you gotta go back down that way." (*Id.* at 2:10-2:20). Andrus again responded "nope." (*Id.*).

As a result, an argument ensued between Andrus and Sgt. Kunz about whether Andrus needed to move out of the roadway. (*Id.* at 2:20-4:00). During the argument, Andrus offered to "educate" Sgt. Kunz via a card that he carries which apparently lists media protection law. (*Id.*; Compl., Doc. 1, ¶ 17). After Andrus refused to move out of the roadway, Sgt. Kunz warned Andrus that he was about to get arrested. (Andrus BWC at 2:20-4:00). Andrus responded, "arrest me." (*Id.*). Sgt. Kunz then attempted to gain compliance by explaining that he is in the process of expanding the crime scene (*Id.*). However, after Sgt. Kunz' attempts to move Andrus out of the

roadway were unsuccessful, Andrus was ultimately arrested and charged with obstructing official business. (*Id.*; Compl., Doc. 1, ¶¶ 18, 22).

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal where a complaint fails "to state a claim upon which relief can be granted." In reviewing a Rule 12(b)(6) motion, the facts alleged by the plaintiff must be accepted as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). *See also Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a challenge under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). Though well-pleaded factual allegations must be accepted by the Court as true, there is no requirement that courts "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Complaints must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusations" and mere "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Complaints that offer only "naked assertion[s]" devoid of

"further factual enhancement" are appropriate for dismissal. *Twombly*, 550 U.S. at 557.

## IV. Argument

Andrus' Complaint is deficient as he relies on his mistaken belief that he had a First Amendment right to record the police in public. Alternatively, even if this Court finds Andrus was exercising a valid First Amendment right, his right was subject to reasonable time, place, and manner restrictions; and it was clearly reasonable for the police to say Andrus needed to move out of the roadway—especially after a vehicle had just driven through the crime scene tape where he was standing. Further, the Complaint, BWC, and MVR demonstrate that under the circumstances Sgt. Kunz had probable cause to arrest Andrus for obstructing official business. As such, the claims against the City should be dismissed. Moreover, Andrus' Complaint fails to support any claim that Sgt. Kunz violated Andrus' constitutional rights, as such, Sgt. Kunz is entitled to qualified immunity and all claims against him should be dismissed.

### A. Sgt. Kunz had probable cause to arrest Andrus for obstructing official business.

#### a. False Arrest claim (Count I)

Andrus first asserts a claim under 42 U.S.C. §1983 for false arrest. (Compl., Doc. 1, ¶¶ 25-33). "A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Jerome v. Crum*, 695 F.App'x 935, 940 (6th Cir. 2017) (internal citation omitted) (quoting *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005)). Andrus also

makes a claim for false arrest under Ohio law. (Compl. Doc. 1, ¶¶ 25-33). In order to prevail on a state law claim for false arrest, plaintiff must demonstrate: "(1) the intentional detention of a person and (2) the unlawfulness of the detention." *Lanier v. Luxottica of Am., Inc.*, 2023-Ohio-4041, ¶ 16 (1st Dist.) (citing *Ficklin v. Home Depot U.S.A., Inc.*, 2010-Ohio-5601, ¶ 34 (8th Dist.)). However, like the federal standard, a probable cause determination defeats a claim for false arrest. *See generally*, *Evans v. Smith*, 97 Ohio App. 3d 59, 71 (1st Dist. 1994).

A police officer has probable cause for arrest if, at the time the officer makes the arrest, "the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believe the plaintiff had committed or was committing an offense." *Courtright v. City of Battle Creek*, 839 F.3d 513, 521 (6th Cir. 2016) (cleaned up) (quoting *Beck v. Ohio*, 379 U.S. 89, 91, (1964)). In other words, probable cause exists only when the police officer "discovers reasonably reliable information that the suspect has committed a crime. *Id.* (internal citation omitted) (quoting *Beck*, 379 U.S. at 91)). Moreover, the probable cause determination must be based on the information that the arresting officer had when he made the arrest, rather than with the 20/20 vision of hindsight. *Id.* (citing *Klein v. Long*, 275 F.3d 544, 550 (6th Cir. 2001)).

Here, Sergeant Kunz charged Plaintiff with obstructing official business in violation of R.C. 2921.31. (Compl., Doc. 1, ¶ 22). An individual obstructs official business under R.C. 2921.31(A) when he "(1) performs an act; (2) without privilege; (3) with a purpose of preventing, obstructing, or delaying the performance of a public

official of any authorized act within the public official's official capacity; and (4) that hampered or impeded the performance of the public official's duties." *State v. King*, 2024-Ohio-5459, ¶ 17 (1st Dist.) (cleaned up) (internal citation omitted) (quoting *In re Payne*, 2005-Ohio-4849, ¶ 11 (1st Dist.)). As the Sixth Circuit has noted, Ohio courts have interpreted this crime broadly. *Howse v. Hodous*, 953 F.3d 402, 408 (6th Cir. 2020). For example, someone may be convicted of obstructing official business if they make it "more difficult" for law enforcement to gain control of a situation. *Id.* (citing *State v. Florence*, 2014-Ohio-2337, at *3 (12th Dist.)).

Here, Andrus' acts clearly made it more difficult for officers to gain control of the situation. Specifically, officers were investigating a fatal automobile accident on Spring Grove Avenue and had set up a perimeter surrounding the accident with yellow "police line" tape to restrict access. (Compl., Doc. 1, ¶¶ 11-12). Sgt. Kunz left the investigation to approach Andrus and ask him to get out of the street. (CPD231119000137-24421-2023-11-19_0224_X60AE830A.mp4 (hereinafter "Kunz' BWC") at 0:00-0:10). At that point Andrus became argumentative and attempted to show Sgt. Kunz a card he carries with him listing "applicable laws that permit his role" as a freelance journalist. (Compl., Doc. 1, ¶ 7, 9; Kunz' BWC at 0:23-0:55).

Sgt. Kunz continued to ask Andrus to back up and explained to Andrus that the police were moving the crime scene back and that Andrus was standing in the roadway. (Kunz' BWC at 0:40-1:20). Andrus failed to comply even after Sgt. Kunz warned him that he was going to be arrested. (*Id.*). Instead, Andrus continued his noncompliance by repeatedly stating "arrest me," ordering Sergeant Kunz to "stop,"

and attempting to get other officers to read the aforementioned card with "applicable laws." (*Id.*).

In a case similar to the one at hand, the court found that there was sufficient evidence to support an adjudication–meaning a higher burden than the probable cause needed here–for obstructing official business where the individuals' "overall pattern of behavior was resistance." *In re M.H.*, 2021-Ohio-1041, ¶ 22 (1st Dist.). The individual in *M.H.,* like Andrus did here, exhibited "hostility and unwillingness to cooperate in physical and verbal ways and from the body-camera video the individual had an argumentative demeanor. *Id.* Further, in *State v. Wellman* the defendant's conviction–once again a higher burden than we need here–was affirmed where the court found that the defendant's "entire course of conduct" prevented officers from gaining control of the situation in a crowded club." 173 Ohio App.3d 494, ¶ 16 (1st Dist.). There, the defendant actively prevented officers from talking to the individual they believed was the manager of the club, not just by asking questions, but by being belligerent and argumentative." *Id.*, ¶ 13.

Based on the foregoing, Andrus' actions and demeanor demonstrate that Sgt. Kunz had probable cause to arrest Andrus for obstructing official business and as such, both Andrus' federal and state law claims of his false arrest should be dismissed.

### b. Unreasonable Seizure and Malicious Prosecution claims (Count II, Count IV, Count V)

Andrus next brings a claim for unreasonable seizure in violation of his Fourth Amendment and malicious prosecution claims. (Compl., Doc. 1, ¶¶ 34-38, 47-62).

However, like his false arrest claim, Andrus' Complaint fails to state a claim upon which relief may be granted because as explained above, Sgt. Kunz had probable cause to arrest.

Under the Fourth Amendment, an officer can seize someone so long as he has probable cause that the person has violated the law. *Howse*, 953 F.3d 402 at 409. As Sgt. Kunz had probable cause, Andrus' unreasonable seizure claim also necessitates dismissal.

Similarly, Andrus' malicious prosecution claims under both state law and 42 U.S.C. § 1983 fail as there was probable cause to arrest. To bring a Fourth Amendment malicious prosecution claim, plaintiff must demonstrate: (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) *a lack of probable cause for the criminal prosecution*; (3) a deprivation of liberty apart from the initial seizure; and (4) the criminal proceedings were resolved in the Plaintiff's favor." [emphasis added] *Dillion v. Hamlin*. 718 F. Supp. 3d 733, 744-745 (S.D. Ohio 2024) (quoting *Sykes v. Anderson*, 625 F.3d 294, 308-309 (6th Cir. 2010)). Likewise, a malicious prosecution claim under state law also requires a lack of probable cause. *See Borthwick v. Dept. of Bldgs. & Inspections*, 2022-Ohio-1335, ¶ 15 (1st Dist.) (internal citation omitted) (quoting *Trussell v. Gen. Motors Corp.*, 53 Ohio St. 3d 142, 144 (1990)) ("To state a claim for malicious prosecution [plaintiff] must allege the city defendants initiated proceedings with malice and without probable cause, and the proceedings terminated in [plaintiff]'s favor.").

Since there was probable cause to arrest, Andrus' claims for unreasonable seizure and malicious prosecution both fail.

**C. Andrus' First Amendment Retaliation claim (Count III) necessitates dismissal as the Sixth Circuit has never recognized a right to record the police in public and the First Amendment rights are subject to time, place, and manner restrictions.**

Andrus next brings a claim for First Amendment retaliation. A prima facie First Amendment retaliation claim requires that the plaintiff establish three elements: "(1) that they engaged in constitutionally protected speech or conduct; (2) an adverse action was taken against them that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated at least in part by their protected conduct. *Anders v. Cuevas*, 984 F.3d 1166, 1175 (6th Cir. 2021) (quoting *Dixon v. Univ. of Toledo*, 702 F.3d 269, 74 (6th Cir. 2012)). As such, to succeed, Andrus must establish that there is a constitutional right to record the police in public.

**a. The Sixth Circuit has not held there is a First Amendment right to record police in public.**

To date, the Sixth Circuit has not held that there is a First Amendment right to record police. Amongst the District Courts, "there are conflicting cases from within the Sixth Circuit as to whether there is a clearly established First Amendment right to film police officers carrying out their duties." *Hils v. Davis,* 2022 U.S. Dist. LEXIS 44205, 2022 WL 769509, *18-19, fn.1 (affirmed 52 F.4th 997).

Other circuits have held there is such a right. See *Glik v. Cunniffe,* 655 F.3d 78 (1st Cir. 2011). But the Sixth Circuit has yet to join them. That is something that

the Court recognized in *Clark v. Stone*, 998 F.3d 287, 303 (6th Cir. 2021) ("as the district court recognized, other districts in this circuit have found that the right [to record police] is not clearly established").

That absence of case law standing alone should entitle Kunz to qualified immunity. "'A single district court opinion is not enough to pronounce a right is clearly established for purposes of qualified immunity.'" *Id.* at 303 (quoting *Hall v. Sweet,* 666 F.App'x 46, 481 (6th Cir. 2019)). Of course, even if the Sixth Circuit had unquestionably held that there was such a right, the right would still be subject to reasonable time, place, and manner restrictions. *Gilk,* 655 F.3d at 84 (citing *Smith v. City of Cumming,* 212 F.3d 1332, 1333).

### b. The First Amendment is subject to reasonable time, place, and manner restrictions. Amongst those, prohibiting people from standing in a roadway is a reasonable restriction.

While Andrus argues that the right to publicly record police is robustly protected by the First Amendment, his argument ignores that the government may "regulate features of speech unrelated to its content" through "time, place, or manner" restrictions. *Ison v. Madison Local School Dist. Bd. of Edn.*, 3 F. 4th 887, 893 (6th Cir. 2021) (quoting *McCullen v. Coakley*, 573 U.S. 464, 477 (2014)). The government has wide leeway to do so, and those restrictions survive if "they are narrowly tailored to serve a significant governmental interest and leave open ample alternative channels for communication of the information." *Id.* (cleaned up) (internal citations omitted) (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)). One such reasonable restriction is that people cannot simply stand in the middle of the road to

engage in otherwise protected First Amendment activity. *See Cox v. Louisiana*, 379 U.S. 536 (1965); See *also*, *State v. Gregorino*, 2004-Ohio-4698, ¶¶ 20, 37.

As captured on Andrus' own BWC, Sgt. Kunz was simply trying to move Andrus out of the roadway when he approached him and the BWC confirms that Sgt. Kunz never told Andrus that he could not record. As removing Andrus from the roadway was a reasonable restriction–especially since a car had just driven through the crime scene tape where Andrus was standing—he is unable to establish that there was a constitutional right to record from the roadway and his First Amendment Retaliation Claim must fail.

**D. Andrus' Abuse of Process claim (Count VI) is merely supported by conclusory allegations regarding Sgt. Kunz' alleged "ulterior motives" and fails to allege that the City did anything more than carry out the arrest process to its authorized conclusion.**

The United States Court of Appeals for the Sixth Circuit has not specifically determined whether a claim for abuse of process is a cognizable constitutional claim that can be redressed pursuant to 42 U.S.C. § 1983. Still, the court has resolved § 1983 abuse-of-process claims without deciding whether such a claim is cognizable and, in doing so, the court typically assumes that the elements would mirror those of state law. *Garcia v. Thorne*, 520 F. App'x 304, 311 (6th Cir. 2013).

The three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful

use of process. *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St. 3d 294, 298 (1994).

Abuse of process is designed to remedy the misuse or exploitation of the legal process after a party has properly initiated a lawsuit with probable cause. *Hershey v. Edelman*, 187 Ohio App. 3d 400, 411 (10th Dist. 2010). An abuse-of-process claim will not survive a motion to dismiss when it is supported only by "conclusory allegations regarding the defendants' ulterior motives with no facts to support those contentions." *Graham v. Best Buy Stores, L.P.*, 298 Fed. Appx. 487, at * 6 (6th Cir. 2008) (citing *Hahn v. Star Bank*, 190 F.3d 709, 718 (6th Cir. 1999)). The Sixth Circuit has also noted that "there is no liability for abuse of process where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id.* citing *Hahn*, 190 F.3d at 718 (internal quotation marks omitted). Here, other than a threadbare recital of the elements of an abuse of process claim, Andrus has alleged no facts to support his claim. Moreover, there is no claim that Sgt. Kunz did anything more than carry out Andrus' arrest and prosecution until it was ultimately dismissed. Accordingly, this claim should be dismissed.

E. **Andrus' claim for Injunctive Relief (Count VII) should be dismissed as he is not likely to be successful on the merits of his claim and merely speculates about any potential future harm.**

The factors to consider when issuing injunctive relief are: (1) whether the movant has a substantial likelihood or probability of success on the merits; (2) whether the movant will suffer irreparable injury if injunctive relief is not granted;

(3) whether the injunctive relief would unjustifiably harm and third party; and (4) whether the public interest would be served by issuing the injunctive relief. *Mariner Wealth Advisors, LLC v. Savvy Advisors, Inc.*, S.D. Ohio No. 1:24-cv-351, at *12-13 (July 19, 2024) citing *Frisch's Rest., Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985). Courts sometimes describe this inquiry as a balancing test. *D.T. v. Sumner Cty. Sch.*, 942 F.3d 324, 326 (6th Cir. 2019). However, injunctive relief is not justified where "there is no showing of any real or immediate threat that the plaintiff will be wronged again." *Foster v. Michigan*, 573 F. App'x 377, 392 (6th Cir. 2014). Moreover, "violations of constitutional rights cannot be founded upon conclusory, vague, or general allegations." *Id.*

Here, as explained throughout this motion, there is not a substantial likelihood that Andrus will be successful on the merits of his claim as the City is able to restrict speech in the public roadway. Moreover, Andrus merely speculates that he will be unable to record crime scenes in the future, meaning there is no showing of any real or immediate threat. Finally, Andrus' claim is founded upon conclusory statements like "[t]he actions of the Defendants described herein have caused or will continue to cause irreparable harm to Mr. Andrus, to media representatives, and to the general publicly by depriving them of their * * * rights * * *. (Compl., Doc. 1, ¶ 70). As such, Andrus' claim for injunctive relief is also deficient.

**F. Sergeant Kunz is Entitled to Qualified immunity on all Claims.**

Qualified immunity shields government officials from civil liability when their conduct "does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known." *Pearson v. Callahan*, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 18, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)). Qualified immunity provides "ample protection to all but the plainly incompetent and those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); see also *Miller v. Administrative Office of the Courts*, 448 F.3d 887, 896-97 (6th Cir. 2006).

As qualified immunity is immunity from suit, not just immunity from liability, an official's entitlement to qualified immunity should be determined at the earliest stage of the proceedings. It is the plaintiff's burden to establish that a defendant is not entitled to qualified immunity. *Miller*, 448 F.3d at 894.

Qualified immunity has two components: (1) whether a constitutional violation occurred, and (2) whether the law was clearly established at the time. *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). The touchstone of the clearly established prong is whether the official had "fair warning" of the illegality of his actions. *Hearring v. Sliwowski*, 712 F.3d 275, 280 (6th Cir. 2013). This inquiry "do[es] not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft*, 563 U.S. at 741; see also *Rivas-Villegas v. Cortesluna*, No. 20-1539, 2021 WL 4822662, at *2-3 (U.S. Oct 18, 2021); *City of Tahlequah v. Bond*, No. 20-1668, 2021 WL 4822664, at *2 (U.S. Oct. 18, 2021). Therefore, "police officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Kiseala v. Hughes*, 138 S.Ct. 1148, 1153 (2018) (quoting *Mullenix v. Luna*, 577 U.S. 7, 13 (2015)).

As explained *supra,* the Sixth Circuit has not recognized a First Amendment right to record the police and, even if it had, the First Amendment is subject to reasonable time, place, and manner restrictions, such as not being able to exercise that right in a roadway. As such, Andrus' activity was not protected by the First Amendment and Sgt. Kunz is therefore entitled to qualified immunity.

This Court should, therefore, find that qualified immunity applies to this matter and grant Sgt. Kunz' motion to dismiss.

## V. Conclusion

For the reasons stated, the City of Cincinnati's motion to dismiss should be granted as Andrus' Complaint fails to raise any facts that would entitle him to relief. Therefore, the City respectfully requests that this Court dismiss Andrus' Complaint in its entirety.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**City Solicitor**

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)
Senior Assistant City Solicitor
801 Plum Street, Room 214
Cincinnati, Ohio 45202
(513) 352-4705
Fax: (513) 352-1515
Katherine.baron@cincinnati-oh.gov
*Trial Counsel for Defendants*

*/s/ Kimberly A. Rutowski*
Kimberly A. Rutowski (0076653)
Lazarus Law
525 Vine Street, Suite 2210
Cincinnati, Ohio 45202

(513) 721-7300  
Fax: (513) 721-7008  
krutowski@hllmlaw.com  
*Counsel for Defendant Kunz*  
*in his individual capacity*

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Katherine C. Baron*  
Katherine C. Baron (0092447)