**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Calvin Andrus,                                        Case No. 1:24-cv-572
    Plaintiff,                                   Litkovitz, M.J.

    vs.

City of Cincinnati Police Department, et al.,
    Defendants.


**ORDER REFERRING CASE TO ATTORNEY-BASED MEDIATION**
**ALTERNATIVE DISPUTE RESOLUTION PROGRAM**


This case is hereby referred to the Southern District of Ohio Alternative Dispute Resolution Administrator.  The Administrator is hereby directed to submit to counsel the roster of attorney mediators forthwith.  The parties shall select 2 mediators, in order of preference, and notify the ADR Administrator of their selection **within 10 days.**  If the parties cannot agree on a mediator within 10 days, the ADR Administrator shall appoint a mediator based upon subject matter expertise.  **The mediation in this case shall be completed within 90 days of the date of this Order.**

The process is confidential.  In addition to the protections provided by the Federal Rules of Civil Procedure and federal statute, S. D. Ohio Civ. R. 16.3(c) prohibits disclosure of any information other than a report to the assigned judge that the case was, or was not, settled.

Lawyers with primary responsibility for this case and **all named parties** are required to attend in person.  In the case of a corporate entity, **a representative with authority to bind the party** to a settlement and with settlement authority must attend.  Lack of discovery or settlement authority will not excuse active participation in the conference.

No later than **fourteen (14) days** before the conference, each plaintiff must submit to counsel for all opposing parties a fully documented, written settlement demand; and no later than **ten (10) days** before the conference, each opposing party must respond, in writing, to each settlement demand fully documenting that party's position.

**Seven (7) days** before the mediation, each party must submit a brief statement, not to exceed five (5) pages, of the factual and legal issues; a description of previous settlement offers; analysis of all parties' interests in the dispute and settlement; and the names and positions of all persons who will attend the mediation.  **These shall be emailed to the mediator only.**  They shall **NOT** be filed with the court nor served on the other parties.  Mediation statements are not legal briefs or arguments.  They are an opportunity for counsel to share with the mediator information and insights that will be useful in acquainting the mediator with the dispute and the

factors that might lead to settlement.  The mediator has access to the case docket; therefore, the parties need not include filings from the case.

If an agreement is reached, a written agreement including the material terms will be drafted and signed or the agreement will be read into the record in the case at the conclusion of the mediation session.  If no agreement is reached, but the mediator believes that further settlement efforts would be productive, the mediation will be continued in progress, generally with the parties agreeing to take specific steps that will move them closer to agreement.  If an impasse is declared, the assigned judge will be notified that the case was not settled and the mediation has been terminated.

**IT IS SO ORDERED.**

Date: 6/16/2026

Karen L. Litkovitz
United States Magistrate Judge